IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WILLIAM D. RUNYON,**           )<br>)<br>**Petitioner,**      )<br>)<br>v.                                                )<br>)<br>**DAVID R. MCKUNE et al.,**    )<br>)<br>**Respondents.**    )<br>_____) | **CIVIL ACTION**<br><br>**No. 06-3359-CM** |

## MEMORANDUM AND ORDER

William D. Runyon, a prisoner at the Lansing Correctional Facility in Lansing, Kansas, filed a petition *pro se* for writ of habeas corpus (Doc. 1). Petitioner was convicted in state court of possession of anhydrous ammonia with the intent to manufacture methamphetamine. He seeks a writ pursuant to 28 U.S.C. § 2254. Specifically, petitioner requests federal relief on the following grounds: (1) there was insufficient evidence to support his conviction; (2) his conviction relied on an identification that was the result of suggestive comments and a suggestive "one-man show-up"; and (3) the court gave an erroneous jury instruction on eyewitness testimony. The court has reviewed the record and petitioner's arguments, and finds that habeas relief is not warranted. For the following reasons, the petition is denied.

**I.    STANDARD OF REVIEW**

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the court reviews petitioner's claims pursuant to the provisions of the Act. *Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999). The Act permits a court to grant a writ only if one of two circumstances is present: (1) the state court's decision "was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Absent clear and convincing evidence to the contrary, the court presumes that state court factual findings are correct. *Id.* § 2254(e)(1).

## II.     BACKGROUND

Derek Hodgson was feeding cattle on private land when he saw a blue sports car with a folded license plate approaching him on the land. Inside the car, he saw a balding man, age 45–50, with dark hair and a beard. The car left the property. Hodgson then noticed anhydrous ammonia spilling out of a small tank under a larger anhydrous ammonia tank nearby. He alerted his boss, who owned the land, and his boss called the Reno County Sheriff's Office. Hodgson gave the law enforcement authorities a description of the car and driver. Based on this description, Sergeant Bryan Mothes of the sheriff's office found petitioner, who owned the car. When Sergeant Mothes began speaking with him, petitioner appeared to be nervous.

An officer took Hodgson to the place where Sergeant Mothes was interviewing petitioner. Before arriving at the interview, the officer told Hodgson that they had found a man who fit the description he had given. When Hodgson saw petitioner, he identified him as the person he had seen leaving the farm. He also identified the car. Petitioner was then charged with one count of possession of anhydrous ammonia with intent to use it to manufacture methamphetamine. An officer testified at trial that the only possible intent one could have when placing anhydrous ammonia in a tank as petitioner did was to manufacture methamphetamine.

## III.    DISCUSSION

### A. Sufficiency of the Evidence

Petitioner first claims that the evidence was insufficient to support his conviction. When evaluating whether evidence was sufficient to support a conviction, "the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted) (emphasis in original); *Romano v. Gibson*, 239 F.3d 1156, 1164 (10th Cir. 2001) (citing *Jackson*, 443 U.S. at 319). The court neither weighs conflicting evidence nor considers the witnesses' credibility. *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1993). And the court is bound to accept the jury's verdict "as long as it is within the bounds of reason." *Kelly v. Roberts*, 998 F.2d 802, 808 (10th Cir. 1993) (citations omitted).

Where the petitioner challenges the state court's conclusion that the facts support his conviction, the question presented for the federal court is one of law, which is governed by 28 U.S.C. § 2254(d)(1). *Torres v. Mullin*, 317 F.3d 1145, 1151–52 (10th Cir. 2003). The relevant inquiry is whether the state court's decision was contrary to, or involved an unreasonable application of *Jackson*. In making this inquiry, the court applies state law regarding the substantive elements of the offense. *Id.* at 1152 (citations omitted).

Here, the Kansas Court of Appeals held:

> In summary, the evidence the jury had before it to determine whether [petitioner] intended to use the anhydrous ammonia to manufacture methamphetamine was that the primary legitimate use for anhydrous ammonia was as an agricultural fertilizer; that in Mothes' opinion, there was no legitimate reason for placing anhydrous ammonia in an 80 pound propane cylinder; that in Mothes' experience, this type of storage of ammonia was used in thefts of ammonia for use in manufacturing methamphetamine; that in Mothes' experience, there was no legitimate use for keeping ammonia in that type of container; that [petitioner] left the bottle connected to the tank and fled the area upon Hodgson's arrival; and that [petitioner] was very

-3-

> nervous when he handed Mothes his driver's license.  When this evidence is viewed in the light most favorable to the prosecution, a rational factfinder could have inferred from the above facts that [petitioner] had intended to use the anhydrous ammonia to manufacture methamphetamine beyond a reasonable doubt.

*Kansas v. Runyon*, Nos. 93,223 & 93,969, at *7–*8 (Kan. Ct. App. May 19, 2006).

The court has reviewed the record, including the trial transcript.  Upon such review, the court finds that the Kansas Court of Appeals applied the correct standard of review, and that its decision is reasonable and supported by the record.  The decision was not contrary to, and did not involve an unreasonable application of *Jackson*.  *See* 28 U.S.C. § 2254(d)(1).

**B.     Suggestive Comments and One-Man Show-Up**

Respondents argue that petitioner's second claim is procedurally defaulted under the independent and adequate state ground doctrine.  This doctrine prohibits federal habeas relief when the last state court to which the petitioner presented his federal claims "clearly and expressly" relied on an independent and adequate state law ground to resolve the petitioner's claims, unless the petitioner demonstrates (1) cause for the default and actual prejudice, or (2) a fundamental miscarriage of justice that will occur if the court fails to consider the claim.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  To be "independent," the state appellate court's decision must rely on state law, rather than federal law.  *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998).  A state law ground is adequate if it is "strictly or regularly followed" and "applied evenhandedly to all similar claims."  *Id.* (internal citations and quotations omitted).

The Kansas appellate court clearly and expressly stated that petitioner's claims were barred by a state procedural rule because petitioner failed to object to Hodgson's identification of him at trial.  This rule is followed regularly and applied evenhandedly.  *See, e.g.*, Kan. Stat. Ann. § 60-404 ("A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be

reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."); *State v. Kunellis*, 78 P.3d 776, 789 (Kan. 2003) (holding that the failure to object to the admission of evidence at trial barred review on appeal).  Petitioner has not presented any evidence showing cause for the default or actual prejudice as a result of the alleged federal law violation.  Although a petitioner may show cause for default by showing that he received ineffective assistance of counsel, *see Jackson v. Shanks*, 143 F.3d 1313, 1318 (10th Cir. 1998), petitioner has not made any allegation of ineffective assistance here.  Moreover, as the Kansas Court of Appeals noted, the circumstances of the decision not to object to the identification indicate that it was a decision based on trial strategy.  Petitioner also fails to show that a miscarriage of justice will result if the court does not consider his claim.  This issue is procedurally defaulted.

**C.    Jury Instruction**

The burden is high for a petitioner to demonstrate constitutional error arising from an allegedly erroneous jury instruction:

> In a habeas proceeding attacking a state court judgment based on an erroneous jury instruction, a petitioner has a great burden.  A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.  "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal."  The question in this proceeding is not whether the instruction is "undesirable, erroneous, or even 'universally condemned,'" but whether the instruction so infected the trial that the resulting conviction violates due process.  "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."  The degree of prejudice from the instruction error must be evaluated in the context of the events at the trial.

*Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995) (internal citations omitted).

Petitioner cannot meet his high burden on this issue.  He attacks the instruction on

-5-

eyewitness identification, which was taken from PIK Crim 3d 52.50. The seven factors presented in the instruction differ from the factors adopted by the Kansas Supreme Court in *State v. Hunt*, 69 P.3d 571 (Kan. 2003). While the factors differ in elements, however, the spirit of each is the same: the jury was to consider different circumstances that would tend to make a witness's identification of the defendant less or more reliable. In fact, one of the seven elements listed in the given instruction appears to cover any of the *Hunt* elements not specifically addressed in the instruction; the jury was instructed to consider "[w]hether there are any other circumstances that may have affected the accuracy of the eyewitness identification."

The instruction, as given, did not render the trial fundamentally unfair in a constitutional sense. Nor was the decision of the Kansas Court of Appeals contrary to or an unreasonable application of clearly established federal law in *Neil v. Biggers*, 409 U.S. 188 (1972), which set forth a "totality of the circumstances" standard for evaluating the reliability eyewitness identification. Petitioner is not entitled to relief on this issue.

**IT IS THEREFORE ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is denied.

Dated this 2nd day of January 2008, at Kansas City, Kansas.

                                              **s/ Carlos Murguia**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**